[Civ. No. 48606. Second Dist., Div. One. Mar. 10, 1977.]

BARBARA BRANDLIN et al., Plaintiffs and Appellants, v.
FRANK B. BELCHER, Defendant and Respondent.

**COUNSEL**

Ray E. McAllister and James E. Ryan for Plaintiffs and Appellants.

LaFollette, Johnson & Schroeter, Alfred W. Gerisch, Jr., and Lloyd E. Peake for Defendant and Respondent.

## OPINION

**THOMPSON, J.**—The matter at bench is an appeal from a summary judgment granted on defendant's motion in an action for legal malpractice. We conclude, as did the trial court, that the record discloses that defendant owed no duty to undertake the services which plaintiffs contend were not performed so as to cause them damage. We conclude also that plaintiffs' declarations do not establish the existence of a triable issue of fact concerning the presence of the duty. Accordingly, we affirm the judgment.

Because of the procedural posture of the case at bench, we consider the record in a fashion resolving all disputed factual questions in favor of appellants-plaintiffs, while construing their declarations liberally and those of the defendant-respondent strictly to determine whether the defendant has conclusively established facts eliminating the liability pleaded against him, or whether plaintiffs have by their declarations of fact raised the existence of a triable issue of fact concerning the bar to liability asserted by defendant. (*People* v. *Rath Packing Co.* (1974) 44 Cal.App.3d 56, 61-62 [118 Cal.Rptr. 438].)

In 1967, defendant Frank Belcher represented Mary Cecile Brandlin in the dissolution of her marriage to J. J. Brandlin. A property settlement was reached and a judgment of divorce entered. Mrs. Brandlin acquired residential real property at 108 Fremont Place as a result of the litigation. She contacted Belcher at sporadic intervals concerning repairs to the property and asserted defaults of J. J. Brandlin in performance of the judgment.

In June 1968, Belcher prepared a will for Mrs. Brandlin which was executed by her. The will leaves essentially all of Mrs. Brandlin's property to two daughters and disinherits six other children who are the plaintiffs in the case at bench. On November 17, 1970, Mrs. Brandlin executed a revocable and amendable *inter vivos* trust prepared by Security Pacific Bank and approved by Belcher. The trust designates Security as trustee and Mrs. Brandlin as income beneficiary for her life. It provides that upon Mrs. Brandlin's death, the corpus is to be distributed to the two daughters named as legatees in the will.

Late in 1972, Mrs. Brandlin considered adding a valuable parcel of commercial real property to the corpus of the trust. She discussed adding the property as well as amending the trust instrument to include her

other children as beneficiaries with John P. Markoe, a trust officer at Security Pacific Bank. Markoe suggested that Mrs. Brandlin should consult Belcher but Mrs. Brandlin was reluctant to do so. Markoe telephoned Belcher for a "[k]ind of . . . get acquainted call to discuss Mrs. Brandlin and her thoughts and expressions . ·. about amending the trust and the will." Markoe and Belcher discussed Markoe's frustration over his inability to get Mrs. Brandlin to take steps to do what was necessary to achieve the objective she had expressed to him. Markoe's impression was that Belcher "seemed to feel that he would do whatever is necessary without getting very aggressive about it. He would just wait to hear further . . . ." The conversation terminated on the note that Belcher would hear further from Markoe.

Mrs. Brandlin expressed to Markoe an attitude of reluctance to see Belcher, apparently embarrassed at what Belcher might think about her escalating condition of alcoholism. Markoe repeatedly related his conversation with Belcher to Mrs. Brandlin who responded on two or three occasions, "Yes, we should do that." Markoe called Belcher again two or three times to discuss Mrs. Brandlin's desires with respect to changes in the trust. The conversations concluded on the note that Belcher "would have to hear from" Mrs. Brandlin. Markoe conveyed Belcher's comments to Mrs. Brandlin but nothing came of those conversations "Probably [by] reason [of] Mrs. Brandlin's drinking."

Markoe told John J. Brandlin, Jr., one of the plaintiffs, that Mrs. Brandlin had asked Markoe to call Belcher to arrange for amendments to the will and trust, that he called Belcher and requested that Belcher make the necessary changes, and that Belcher told Markoe to make sure that Mrs. Brandlin was straightened out and ready to go with all her plans and then to call Belcher back.

Belcher received no fee from Mrs. Brandlin subsequent to his service to her in the divorce action. His last contact with Mrs. Brandlin was in June 1972. None of Belcher's contacts with Mrs. Brandlin dealt with amendment to the trust or to her will. Belcher was not under retainer to Mrs. Brandlin and had no continuing employment relationship with her.

Mrs. Brandlin died without having amended her trust to include as beneficiaries her children other than the two daughters named in the original instrument.

Plaintiffs, the other children, filed a complaint against Security Pacific National Bank, the two named beneficiaries, and Belcher. The first cause of action against the bank and beneficiaries seeks a declaration that Mrs. Brandlin lacked capacity to enter into the trust. The second cause of action against the bank and Belcher asserts the negligence of each in failing to accomplish Mrs. Brandlin's desire to amend the trust instrument to include plaintiffs as beneficiaries.

On the facts recited above, the trial court granted Belcher's motion for summary judgment. This appeal followed.

Plaintiffs assert that the record, when read liberally as to them, supports the inference that Belcher and Mrs. Brandlin were in the continuing relationship of attorney and client, and that Belcher failed to perform a duty imposed by the relationship to carry out Mrs. Brandlin's request to amend the trust. The contention lacks merit.

While neither a retainer nor formal agreement is required to establish the attorney-client relationship (*Arden* v. *State Bar* (1959) 52 Cal.2d 310, 315 [341 P.2d 6]), the relationship with respect to a particular transaction is nevertheless required to create the duty of an attorney to act for his client in the transaction. Here the record establishes without contradiction that Mrs. Brandlin and Belcher had not entered into the relationship of client and attorney with respect to the amendment of the trust.

Giving plaintiffs' declarations the greatest possible weight, the record establishes without contradiction that Belcher's response to Markoe's conveyance of Mrs. Brandlin's desires with respect to amendment of the trust was Belcher's request that Mrs. Brandlin personally communicate with Belcher. Mrs. Brandlin had selected Markoe as her intermediary to contact Belcher. Belcher fully discharged whatever duty his prior representation imposed by his request through the intermediary that the client communicate with him personally. Belcher's conduct satisfied rather than violated his duty as a lawyer. It was designed to insure that the personal nature of the attorney-client relationship was protected. It avoided an arguable violation of rule 2-101 of the California Rules of

Professional Conduct which precludes a lawyer from soliciting professional employment.

The judgment is affirmed.

Wood, P. J., and Hanson, J., concurred.