[Civ. No. 23300. Third Dist. Apr. 11, 1984.]

BILL J. DILL, Petitioner, v.
THE SUPERIOR COURT OF SHASTA COUNTY, Respondent;
DAVID OSCAR COOK et al., Real Parties in Interest.

COUNSEL

Halkides & Morgan and Arthur L. Morgan for Petitioner.

No appearance for Respondent.

Barr, Newlan & Sinclair and Craig Sinclair for Real Parties in Interest.

OPINION

**REGAN, Acting P. J.**—Petitioner is plaintiff and real parties in interest are defendants in a civil action pending in respondent superior court. Petitioner seeks a writ of mandate commanding the superior court to grant his motion to disqualify the law firm representing real parties on the ground a member of that firm formerly represented petitioner in the underlying action. We shall grant the writ.

## FACTS

On September 30, 1982, petitioner filed a complaint against real parties David Oscar Cook and Pincin Trucking, seeking damages for personal injury and property damage as a result of a vehicle collision. When petitioner filed his complaint, Steven P. Hale was an associate in the law firm of Halkides & Morgan, petitioner's counsel in the lawsuit. While in the employ of Halkides & Morgan, petitioner alleged, Hale appeared for petitioner at a hearing on real parties' demurrer to and motion to strike petitioner's complaint, took two depositions, drafted letters to petitioner and potential witnesses, prepared memoranda, and obtained confidential information regarding the case from petitioner and other attorneys at Halkides & Morgan.

Sometime during the course of the underlying litigation, Hale left Halkides & Morgan and became associated with Barr, Newlan & Sinclair, counsel for real parties. Petitioner thereafter moved to disqualify the law firm of Barr, Newlan & Sinclair from representing real parties in the lawsuit, on the ground Hale had represented petitioner in the same action.

In real parties' opposing papers, Hale stated in a declaration he handled "random matters" in the case. He admitted making a court appearance and taking two depositions, including one of Bill Pincin, co-owner of real party Pincin Trucking. Hale did not recall drafting a letter to petitioner or preparing any memoranda in the case, and denied he ever spoke to petitioner. Hale averred he did not obtain any confidential information regarding petitioner, did not learn about petitioner's strategy in the case, and had not discussed the case with anyone at Barr, Newlan & Sinclair.

Douglas H. Newlan is the attorney with Barr, Newlan & Sinclair handling the underlying lawsuit. In his declaration, Newlan claimed Bill Pincin, co-owner of real party Pincin Trucking, requested that Newlan represent Pincin. Newlan also averred petitioner was unaware of the motion to disqualify, and that petitioner offered no evidence to support his claim Hale had done work on the case other than that acknowledged by Hale in his declaration.

At the hearing on petitioner's motion, respondent superior court rejected petitioner's request for an *in camera* examination of Hale to determine whether Hale possessed any confidential information. The court denied the motion to disqualify, ruling that "Mr. Hale has stated in his declaration that he does not have confidential information from the plaintiff. He further states that he has been isolated from this case, and will remain so. [¶] The court personally has some difficulty with the position taken by defendants' counsel, but is satisfied based upon the declarations that plaintiff will not be

prejudiced by a denial of the motion. It might be that error, if any, could only be viewed in retrospect."

The petition for writ of mandate followed and we issued an alternative writ with a stay of all proceedings below.

## DISCUSSION

### I

Petitioner contends Barr, Newlan & Sinclair should be disqualified because Hale has accepted employment adverse to petitioner. According to petitioner, the record supports the inference Hale obtained confidential information regarding the underlying case and that his previous relationship with petitioner is sufficient to disqualify the firm whether or not he communicated that information to his new employer. Real parties, claiming the record is insufficient to review the lower court's exercise of discretion, urge there is no evidence Hale received confidential information while in the employ of petitioner's law firm. Moreover, real parties assert, we rejected petitioner's vicarious disqualification theory in *Chambers* v. *Superior Court* (1981) 121 Cal.App.3d 893 [175 Cal.Rptr. 575].

██ Rule 4-101 of the Rules of Professional Conduct prohibits an attorney from accepting employment adverse to a former client "relating to a matter in reference to which he has obtained confidential information by reason of or in the course of his employment by such . . . former client." The initial question under this rule is "whether the former representation is 'substantially related' to the current representation." (See *Trone* v. *Smith* (9th Cir. 1980) 621 F.2d 994, 998, and authorities cited therein.)

██ Here, it is uncontroverted that, as a former associate in the law firm representing petitioner, Hale appeared in court on petitioner's behalf and also took two depositions, including one of the co-owner of real party Pincin Trucking. Hale is currently a member of the law firm representing real parties in the identical lawsuit in which he was personally involved on petitioner's behalf. On this record, which we hold sufficient for review of respondent superior court's ruling, we conclude the "substantial relationship" test is amply satisfied.

The trial court's ruling was premised in part on Hale's assertion he obtained no confidential information about the case. ██ However, actual possession of confidential information is not required for an order of disqualification. "[¶] When a substantial relationship has been shown to exist between the former representation and the current representation, and when

it appears by virtue of the nature of the former representation or the relationship of the attorney to his former client confidential information material to the current dispute would normally have been imparted to the attorney . . . the attorney's knowledge of confidential information is presumed. [Citation.]" (*Global Van Lines, Inc.* v. *Superior Court* (1983) 144 Cal.App.3d 483, 489 [192 Cal.Rptr. 609].)

In *Global Van Lines, Inc.*, the court of appeal held the trial court erred in denying defendant's motion to disqualify plaintiff's counsel and his law firm. Counsel therein previously was defendant's general counsel for 15 years. The dispute between the parties arose when the attorney was general counsel, and the attorney in that role was directly involved in the acquisition of another company which was allegedly receiving business that plaintiff should have received. The appellate court found a substantial relationship between counsel's former representation of defendant and his current representation of plaintiff against defendant. (*Id.*, at pp. 488-490.)

As we have held, the facts of the instant case satisfy the substantial relationship test. Moreover, in the course of Hale's representation of petitioner, during which he appeared at a hearing and conducted depositions, confidential information pertinent to the case ordinarily would have been imparted.[1] (*Id.*, at p. 489.) Under these circumstances, we presume Hale obtained confidential information pertinent to the litigation. (*Ibid.*)

## II

In *Global Van Lines, Inc.*, the court noted plaintiff did not challenge defendant's assertion that disqualification of counsel would require disqualification of the rest of the firm. (*Global Van Lines, Inc., supra*, 144 Cal.App.3d at p. 485, fn. 1.) In *Chambers* v. *Superior Court, supra*, 121 Cal.App.3d at p. 894, we concluded vicarious disqualification was unwarranted and an abuse of discretion. There, a member of a law firm representing plaintiffs in a tort action against the state had previously been a state employee, allegedly with access to relevant confidential information. (*Id.*, at p. 895.) We noted there was no evidence the attorney, while a state employee, had any responsibility over matters related to the current dispute or had acquired confidential information regarding the action. (*Id.*, at p. 903.)

Here, unlike *Chambers,* the attorney allegedly subject to disqualification had performed legal work on behalf of his former client in the current

---

[1] In view of our conclusion petitioner need not show Hale actually possessed confidential information, the *in camera* hearing petitioner sought below was unnecessary.

lawsuit. Moreover, *Chambers* noted vicarious disqualification of a former government employee's law firm is not imposed as strictly as it is in other instances. (*Id.*, at pp. 897-903.) The primary reason for disqualification by the lower court in *Chambers* was the appearance of impropriety, which we held was greatly outweighed by the benefits to the judicial process of representation by an attorney with relevant governmental experience. (*Id.*, at pp. 900-903.)

We are mindful of the right of parties to counsel of their choice, and of the financial burden imposed if disqualified counsel must be replaced. (*William H. Raley Co.* v. *Superior Court* (1983) 149 Cal.App.3d 1042, 1048.) However, those interests must be balanced against the need to maintain high ethical standards of professional responsibility. (*Comden* v. *Superior Court* (1978) 20 Cal.3d 906, 915 [145 Cal.Rptr. 9, 576 P.2d 971, 5 A.L.R.4th 562].) Here, the compelling reason for disqualification from representation is Hale's former personal involvement on petitioner's behalf in the identical action. Under these circumstances, the law firm representing real parties also must be disqualified. (*Trone* v. *Smith, supra,* 621 F.2d at p. 999.) Accordingly, respondent superior court abused its discretion by denying the motion to disqualify. (*William H. Raley Co.* v. *Superior Court, supra,* 149 Cal.App.3d at pp. 1049-1050; *Chambers, supra,* 121 Cal.App.3d at p. 903, fn. 7.)

Let a peremptory writ of mandate issue commanding respondent superior court to vacate its order denying petitioner's motion for disqualification of the law firm of Barr, Newlan & Sinclair as counsel for real parties David Oscar Cook and Pincin Trucking and to make a new order granting the motion. The alternative writ is discharged. Pending finality of this decision, the stay order shall remain in effect.

Carr, J., and Sims, J., concurred.