16 Cal.App.4th 556 (1993)
20 Cal. Rptr.2d 132
In re the Marriage of BARBARA and JOHN E. ZIMMERMAN.
BARBARA ZIMMERMAN, Appellant,
v.
JOHN E. ZIMMERMAN, Respondent.
Docket No. A058806.
Court of Appeals of California, First District, Division One.
June 11, 1993.
*560 COUNSEL
Ropers, Majeski, Kohn, Bentley, Wagner & Kane, Paul D. Herbert, Mark G. Crawford and David W. Michael, Jr., for Appellant.
James, Gack, Bernheim & Freeman, Lawrence Bernheim and Ian Gordon for Respondent.
OPINION
NEWSOM, Acting P.J.
As part of a dissolution judgment filed on December 6, 1984, respondent was awarded the Zimmerman Dairy (hereafter the Dairy), which had previously been a community asset of the parties. In August of 1987, appellant filed a complaint seeking her community property share of the proceeds of a milk diversion program which had been paid to the Dairy during her marriage to respondent. Summary judgment was granted in favor of respondent in the action, but reversed by this court in October of 1991. We concluded that "absent actual adjudication and award of the Milk Diversion Program proceeds in the dissolution action," "the proceeds must be considered a `missed asset' subject to a postdissolution claim" by appellant. The case was remanded to the trial court for further proceedings.
In the trial court, appellant filed a motion on June 9, 1992, to disqualify from this action respondent's attorney, Lawrence Bernheim (hereafter Bernheim), and the latter's law firm of James, Gack, Bernheim & Freeman. Appellant's motion for disqualification is based upon her prior contact with another partner in Bernheim's law firm, Kenneth Gack (hereafter Gack). Appellant was then seeking counsel to oppose respondent's motion for summary judgment, which had been filed by his attorney, Bernheim. Appellant was referred to Gack by an acquaintance, and in November of 1989 consulted with him during a "20-minute telephone conversation...." According to appellant, she "outlined and explained my side of the case fully to him. I told him everything that I thought was pertinent to the case." At the conclusion of their conversation, Gack provided appellant "his initial impression and opinion about the case," and recommended that she seek representation by "someone with domestic relations expertise."
At no time did Gack represent appellant in this action. He has no recollection of ever speaking with her in 1989; and, contrary to his usual practice with prospective clients who referred to "specific facts or issues," he took no notes of any such conversation with appellant as may have occurred.
*561 Bernheim has represented respondent essentially throughout this litigation. Bernheim was formerly a partner in the firm of Senneff, Bernheim, Emery & Kelly, but during the course of these proceedings became a partner of Gack in the firm of James, Gack, Bernheim & Freeman. On May 7, 1992, appellant discovered Bernheim's association with Gack, and subsequently asked Bernheim to withdraw as respondent's attorney because of "confidential information" previously imparted by appellant to Gack. Bernheim declined to withdraw from the case, citing the absence of any previous "confidential communications" between appellant and Gack. On May 22, 1992, a substitution of counsel was filed, which formally indicated Bernheim's association with the law firm of James, Gack, Bernheim & Freeman, and prompted appellant's motion for disqualification of counsel.
Appellant argues that the trial court erred in denying her motion to disqualify Bernheim as respondent's counsel. She insists that her prior consultation with Gack has a "substantial relationship" to the present controversy and precludes Bernheim, who is now in partnership with Gack, from currently representing respondent.
(1) Our review of appellant's motion to disqualify respondent's counsel is constrained by the principle that reversal may be predicated only upon a showing of abuse of the trial court's discretion. (In re Complex Asbestos Litigation (1991) 232 Cal. App.3d 572, 585 [283 Cal. Rptr. 732]; Western Continental Operating Co. v. Natural Gas Corp. (1989) 212 Cal. App.3d 752, 758 [261 Cal. Rptr. 100]; Klein v. Superior Court (1988) 198 Cal. App.3d 894, 908 [244 Cal. Rptr. 226].) In exercising discretion, the trial court is required to make a reasoned judgment which complies with applicable legal principles and policies. (Henriksen v. Great American Savings & Loan (1992) 11 Cal. App.4th 109, 113 [14 Cal. Rptr.2d 184]; In re Complex Asbestos Litigation, supra, at p. 585; Gregori v. Bank of America (1989) 207 Cal. App.3d 291, 300 [254 Cal. Rptr. 853].) "Discretion will thus be deemed to have been abused if the trial court fails to exercise discretion where such exercise is required. [Citation.]" (Henriksen v. Great American Savings & Loan, supra, at p. 113; see also Truck Ins. Exchange v. Fireman's Fund Ins. Co. (1992) 6 Cal. App.4th 1050, 1055 [8 Cal. Rptr.2d 228].)
(2) We are also bound in our reviewing function by the substantial evidence rule. (In re Complex Asbestos Litigation, supra, 232 Cal. App.3d at p. 585; Higdon v. Superior Court (1991) 227 Cal. App.3d 1667, 1671 [278 Cal. Rptr. 588].) Thus, if substantial evidence supports the trial court's express or implied findings of fact, we review the resulting legal conclusions for an abuse of discretion. (Ibid.) The judgment of the trial court is presumed correct; all intendments and presumptions are indulged to support the judgment; conflicts in the declarations must be resolved in favor of the prevailing *562 party, and the trial court's resolution of any factual disputes arising from the evidence is conclusive. (Rosenfeld Construction Co. v. Superior Court (1991) 235 Cal. App.3d 566, 572-573 [286 Cal. Rptr. 609]; H.F. Ahmanson & Co. v. Salomon Brothers, Inc. (1991) 229 Cal. App.3d 1445, 1451 [280 Cal. Rptr. 614]; Gregori v. Bank of America, supra, 207 Cal. App.3d 291, 300.)
(3) Disqualification of counsel may be ordered "when necessary in furtherance of justice. (Code Civ. Proc., § 128, subd. (a)(5).)" (Elliott v. McFarland Unified School Dist. (1985) 165 Cal. App.3d 562, 567 [211 Cal. Rptr. 802]; see also In re Lee G. (1991) 1 Cal. App.4th 17, 26 [1 Cal. Rptr.2d 375].) The importance of protecting the confidentiality of the attorney-client relationship is reflected in our statutes and ethical rules which proscribe representation of adverse interests. (In re Complex Asbestos Litigation, supra, 232 Cal. App.3d at p. 587.) Specifically, rule 3-310(E) of the Rules of Professional Conduct of the State Bar prohibits an attorney from accepting employment adverse to a client or former client, except with the informed written consent of that client, where, "by reason of the representation of the client or former client," the attorney has "obtained confidential information material to the employment." (See also In re Lee G., supra, 1 Cal. App.4th at p. 27; H.F. Ahmanson & Co. v. Salomon Brothers, Inc., supra, 229 Cal. App.3d at p. 1451.) (4) "It is well settled that an attorney is prohibited from doing either of two things after severing a relationship with a former client. `"... He may not do anything which will injuriously affect his former client in any [matter] in which he formerly represented him nor may he at any time use against his former client knowledge or information acquired by virtue of the previous relationship."' (People ex rel. Deukmejian v. Brown (1981) 29 Cal.3d 150, 155 [172 Cal. Rptr. 478, 624 P.2d 1206]; Yorn v. Superior Court, supra, 90 Cal. App.3d at p. 675.)" (Western Continental Operating Co. v. Natural Gas Corp., supra, 212 Cal. App.3d at p. 759.) The purpose of the rule is to protect both confidential communications and the enduring confidential relationship between attorney and client. (Henriksen v. Great American Savings & Loan, supra, 11 Cal. App.4th at p. 113; Cornish v. Superior Court (1989) 209 Cal. App.3d 467, 474 [257 Cal. Rptr. 383].)
(5) Where, as here, a motion for disqualification is predicated upon a claimed breach of confidentiality or conflict of interest, the trial court must undertake a cautious balancing of competing interests. "The court must weigh the combined effect of a party's right to counsel of choice, an attorney's interest in representing a client, the financial burden on a client of replacing disqualified counsel and any tactical abuse underlying a disqualification proceeding against the fundamental principle that the fair resolution of disputes within our adversary system requires vigorous representation of *563 parties by independent counsel unencumbered by conflicts of interest. [Citations.]" (William H. Raley Co. v. Superior Court (1983) 149 Cal. App.3d 1042, 1048 [197 Cal. Rptr. 232]; see also In re Lee G., supra, 1 Cal. App.4th at p. 26; Higdon v. Superior Court, supra, 227 Cal. App.3d at p. 1675.)
(6) Thus, "a former client may seek to disqualify a former attorney from representing an adverse party by showing that the former attorney possesses confidential information adverse to the former client. (H.F. Ahmanson & Co. v. Salomon Brothers, Inc. (1991) 229 Cal. App.3d 1445, 1452 [280 Cal. Rptr. 614].)" (Henriksen v. Great American Savings & Loan, supra, 11 Cal. App.4th at p. 113.) The former client need not establish that the attorney actually possesses confidential information. (Id. at p. 114; see also People ex rel. Deukmejian v. Brown (1981) 29 Cal.3d 150, 156-157 [172 Cal. Rptr. 478, 624 P.2d 1206]; H.F. Ahmanson & Co. v. Salomon Brothers, Inc., supra, 229 Cal. App.3d at p. 1452; Dill v. Superior Court (1984) 158 Cal. App.3d 301, 304 [205 Cal. Rptr. 671].) "It is the possibility of the breach of confidence, not the fact of an actual breach that triggers disqualification. [Citation.]" (In re Marriage of Abernethy (1992) 5 Cal. App.4th 1193, 1197, fn. 3 [7 Cal. Rptr.2d 342].) (7a) Under the "substantial relationship" test, subsequent representation is proscribed on the theory that its substantial relationship to the former representation "places the attorney in a situation where he or she could breach the duty of confidentiality to the former client." (H.F. Ahmanson & Co. v. Salomon Brothers, Inc., supra, 229 Cal. App.3d at p. 1452.) Possession of confidential information is presumed where "`"a substantial relationship has been shown to exist between the former representation and the current representation, and when it appears by virtue of the nature of the former representation or the relationship of the attorney to his former client confidential information material to the current dispute would normally have been imparted to the attorney...."'" (Id. at p. 1454; see also Rosenfeld Construction Co. v. Superior Court, supra, 235 Cal. App.3d at p. 574; Gregori v. Bank of America, supra, 207 Cal. App.3d at p. 304; Johnson v. Superior Court (1984) 159 Cal. App.3d 573, 578 [205 Cal. Rptr. 605]; Global Van Lines, Inc. v. Superior Court (1983) 144 Cal. App.3d 483, 489 [192 Cal. Rptr. 609].) If the substantial relationship test is satisfied by the former client, "`... the discussion should ordinarily end. The rights and interests of the former client will prevail. Conflict would be presumed; disqualification will be ordered....'" (Rosenfeld Construction Co. v. Superior Court, supra, at p. 575; quoting from River West, Inc. v. Nickel (1987) 188 Cal. App.3d 1297, 1308-1309 [234 Cal. Rptr. 33)
(8a), (7b) (See fn. 1.) There is no disputing the substantiality of the relationship between the former and current aspects of this litigation; Bernheim is representing respondent in the same case about which appellant previously consulted with Gack. (Civil Service Com. v. Superior Court (1984) 163 *564 Cal. App.3d 70, 80 [209 Cal. Rptr. 159].)[1] (9), (8b) We therefore turn to the additional and separate requirement that the nature of the former representation or relationship of the attorney to his former client be such that confidential information material to the current dispute "would normally have been imparted to the attorney." (Dill v. Superior Court, supra, 158 Cal. App.3d at p. 305; In re Lee G., supra, 1 Cal. App.4th 17, 27; Cornish v. Superior Court, supra, 209 Cal. App.3d 467, 478; Civil Service Com. v. Superior Court, supra, 163 Cal. App.3d 70, 76-77.) The approach is a pragmatic one which considers the particular facts of each case. (Kirk Corp. v. First American Title Co. (1990) 220 Cal. App.3d 785, 813 [270 Cal. Rptr. 24]; Johnson v. Superior Court, supra, 159 Cal. App.3d at p. 578.) "`Mere prior professional association with the former client is not enough.'" (Ibid.) The focus is upon the nature and extent of the former attorney's involvement, as well as the factual and legal similarity of the cases. (Rosenfeld Construction Co. v. Superior Court, supra, 235 Cal. App.3d at p. 576; H.F. Ahmanson & Co. v. Salomon Brothers, Inc., supra, 229 Cal. App.3d at p. 1455.) "`... As part of its review, the court should examine the time spent by the attorney on the earlier cases, the type of work performed, and the attorney's possible exposure to formulation of policy or strategy.'" (Ibid.)
(10) (See fn. 2.), (8c) Here, appellant was never represented by Gack in this action; she merely engaged in a preliminary consultation with him.[2] While Gack may have offered appellant his initial impressions of the case, he obviously was not called upon to formulate a legal strategy and, by the very limited nature of his contact with appellant, could not have gained detailed knowledge of the pertinent facts and legal principles. (Cf. Dill v. Superior Court, supra, 158 Cal. App.3d at p. 305.) A distinction has been recognized "`... for disqualification purposes between lawyers who become heavily involved in the facts of a particular matter and those who enter briefly on the periphery....' [Citation.]" (H.F. Ahmanson & Co. v. Salomon Brothers, Inc., supra, 229 Cal. App.3d at p. 1457.) If Gack provided representation to appellant at all, it was clearly of a preliminary and peripheral nature. (Ibid.) *565 He did not even recall the brief conversation with appellant, and took no notes of it. He performed no work for appellant; rather, he referred her to an attorney with "domestic relations expertise." The record before us shows the most minimal involvement by Gack in the case. (Ibid.)
Appellant has also failed to show disclosure of confidential information during the preliminary consultation. Appellant has declared that she "outlined" the case for Gack by providing him with all "pertinent" information, but no confidential disclosures have been claimed. Nor does it appear from the nature of appellant's relationship with Gack, brief and insubstantial as it was, that confidential information material to the current dispute would normally have been imparted to the attorney. The trial court found that appellant's "conclusory" declaration failed to establish a relationship with Gack "from which it would be reasonable to infer" disclosure of confidential information. We cannot dispute the trial court's finding, based as it is upon substantial evidence. (Western Continental Operating Co. v. Natural Gas Corp., supra, 212 Cal. App.3d at pp. 761-762.)
Further, Gack was apparently consulted on an issue  whether the milk diversion program proceeds were a "missed asset" for purposes of entertaining appellant's postdissolution claim  which has been finally decided by this court. The remaining dispute in the case centers upon division and distribution of that asset, an issue which may have even less connection with Gack's "representation" of appellant. The nature of the issues presently in dispute does not persuade us that disclosure of material confidential information to Gack by appellant in November 1989 was likely. Finally, we observe that Bernheim has represented respondent during the entire course of this protracted case, even before Gack became a partner with him in the same law firm. To deprive respondent of the counsel of his choice at this late stage in the proceedings, where no unfair disadvantage to appellant is indicated, would, we believe, cause undue hardship to respondent without serving the purpose of the disqualification remedy. (H.F. Ahmanson & Co. v. Salomon Brothers, Inc., supra, 229 Cal. App.3d at p. 1455; Cornish v. Superior Court, supra, 209 Cal. App.3d at p. 478.)
We therefore conclude from the record presented that appellant has failed to demonstrate that her preliminary consultation with Gack resulted or could reasonably have resulted in the latter's acquisition of confidential matters relating to these proceedings. (Gregori v. Bank of America, supra, 207 Cal. App.3d at p. 305.) Accordingly, the trial court did not abuse its discretion by denying appellant's motion to disqualify respondent counsel. (Ibid.)
*566 The judgment is affirmed. Costs on appeal are awarded to respondent.
Stein, J., and Dossee, J., concurred.
A petition for a rehearing was denied July 12, 1993, and appellant's petition for review by the Supreme Court was denied August 26, 1993.
NOTES
[1] We recognize that the issues may not be identical. Appellant apparently discussed with Gack whether the milk diversion proceeds were a "missed asset" for purposes of allowing presentation of a postdissolution claim by appellant  an issue we determined in the prior appeal  while the remaining issue exclusively centers upon the division and distribution of that asset. Nevertheless, identity of issues is not the test. "`Substantiality is present if the factual contexts of the two representations are similar or related.'" (Truck Ins. Exchange v. Fireman's Fund Ins. Co., supra, 6 Cal. App.4th at p. 1056.)
[2] We recognize that a fiduciary relationship between lawyer and client does not require a formal agreement and extends to preliminary consultation by a prospective client with a view to retention of the lawyer, although actual employment does not result. (Beery v. State Bar (1987) 43 Cal.3d 802, 811 [239 Cal. Rptr. 121, 739 P.2d 1289]; Miller v. Metzinger (1979) 91 Cal. App.3d 31, 40 [154 Cal. Rptr. 22]; Brandlin v. Belcher (1977) 67 Cal. App.3d 997, 1001 [134 Cal. Rptr. 1].)