Filed 1/28/14  Marriage of Malcolm CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re Marriage of MICHAEL and DENISE MALCOLM. | H038379<br>(Santa Clara County<br>Super. Ct. No. 6-12-FL007717) |
| MICHAEL MALCOLM,<br><br>        Appellant,<br><br>        v.<br><br>DENISE MALCOLM,<br><br>        Respondent. | |

In this family law matter, Michael Malcolm appeals from a trial court order staying his legal separation action on forum non conveniens grounds pending divorce proceedings filed by his wife, Denise Malcolm, in Colorado.[1]  We conclude that the trial court applied the wrong standard in granting the motion and remand the cause for application of the correct standard.

## I.    FACTUAL BACKGROUND

Prior to their marriage, both parties had extensive ties to California.  Michael received a master's degree and Ph.D. from Stanford University in 1973.  He founded Network Appliance, Inc., (NetApp) in Mountain View in 1992.  After leaving that

_____

[1] We will refer to the parties by their given names for purposes of clarity and not out of disrespect.  (*In re Marriage of Thorne & Raccina* (2012) 203 Cal.App.4th 492, 495, fn. 1.)

company in 1995, he founded CacheFlow in Redmond, Washington. CacheFlow moved to Palo Alto in 1997. Michael remained with the company until it went public in 1999.

Denise attended public school in Monterey, California. She earned an undergraduate degree from Stanford University and a law degree from the University of California at Berkeley. She was admitted to the California Bar in 1987.

In 1999, the parties married in Carmel, California. During their marriage, the parties and their three children resided primarily in Aspen, Colorado. Between 2002 and 2011, the parties paid state income taxes only to Colorado, possessed Colorado driver's licenses, and were registered to vote in Colorado. Their state income tax returns for this period declared that they were full-year residents of Colorado.

Nevertheless, the parties maintained ties to California. They own two homes in Los Altos and 850 acres of land near Carmel. Michael, who has a pilot license, maintains an airplane hangar and apartment at the Monterey Airport where the parties' four airplanes are housed. In 2001, Michael and Denise founded Kaleidescape, Inc., in Sunnyvale, California. Denise was the company's general counsel, but worked primarily from Aspen. Michael typically worked out of the company's Sunnyvale office during the week, staying at one of the Los Altos properties, and flying himself to Aspen each weekend.

The parties separated in late 2011 or early 2012, and Michael moved out of the Aspen home and into one of the Los Altos homes. On a daily basis, Denise is responsible for raising the children, who go to school and participate in numerous extracurricular activities in Aspen. She represents that traveling to California to litigate this action would be extremely inconvenient and disruptive to her and the children.

## II.    PROCEDURAL BACKGROUND

Michael filed a petition for legal separation in Santa Clara County Superior Court on February 2, 2012. He served Denise on the same day in Aspen. Michael could not file for dissolution of marriage because he had not yet been domiciled in California for

2

six months, as Family Code section 2320 requires. His petition stated his intention to amend for dissolution in six months pursuant to Family Code section 2321.

Denise filed a petition for dissolution of marriage in Colorado on February 6, 2012. On March 5, 2012, Denise filed a motion in the California action to quash service of summons for lack of personal jurisdiction or, in the alternative, stay the action on the ground of inconvenient forum.

The trial court conducted a hearing on Denise's motion on April 17, 2012. In a written order dated May 9, 2012, the trial court denied the motion to quash but granted the motion to stay on forum non conveniens grounds.

## III.    DISCUSSION

### A.    *Forum Non Conveniens*

"Exercise of authority by California courts over events occurring and persons located outside the state is controlled by two companion principles: first, the long-arm statutes for service of process can, in appropriate cases, require a nonresident defendant served with process outside the state to respond to suit in California--when the cause of action relates to defendant's activities in California, when California can provide a convenient forum, and when the state has an interest in protecting the welfare of its citizens in relation to the subject matter. [Citation.] Second, the principle of inconvenient forum tempers the exercise of long-arm jurisdiction by authorizing the dismissal or stay of an action filed in California--when it possesses no substantial connection with defendant's activities in California, when California cannot provide an adequate forum, and when California has no interest in fostering the litigation." (*Henderson v. Superior Court* (1978) 77 Cal.App.3d 583, 588.)

Forum non conveniens is an equitable doctrine allowing a court to decline to exercise its jurisdiction over a case when it determines that the case " 'may be more appropriately and justly tried elsewhere.' " (*Stangvik v. Shiley Inc*. (1991) 54 Cal.3d 744, 751 (*Stangvik*).) The Legislature has sanctioned the application of this doctrine in Code

3

of Civil Procedure section 410.30, subdivision (a), which states: "When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just."

The Supreme Court in *Stangvik* set forth a two-step analysis for a trial court considering a forum non conveniens motion. The trial court "must first determine whether the alternate forum is a 'suitable' place for trial. If it is, the next step is to consider the private interests of the litigants and the interests of the public in retaining the action for trial in California. The private interest factors are those that make trial and the enforceability of the ensuing judgment expeditious and relatively inexpensive, such as the ease of access to sources of proof, the cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses. The public interest factors include avoidance of overburdening local courts with congested calendars, protecting the interests of potential jurors so that they are not called upon to decide cases in which the local community has little concern, and weighing the competing interests of California and the alternate jurisdiction in the litigation." (*Stangvik*, *supra*, 54 Cal.3d at p. 751.) The balancing of the private and public interest factors "must be applied flexibly, without giving undue emphasis to any one element." (*Id*. at p. 753 & fn. 4.) The burden of proof is on the defendant, as the party asserting forum non conveniens. (*Id.* at p. 751.)

As the Supreme Court explained in *Ferreira v. Ferreira* (1973) 9 Cal.3d 824, a distinction exists "between the dismissal of an action on grounds of forum non conveniens, and the stay of an action on that ground" (*id*. at p. 838), "[t]he staying court *retains jurisdiction* over the parties and the cause" (*id*. at p. 841), and consequently "can protect . . . the interests of the California resident pending the final decision of the foreign court." (*Ibid*.) Therefore, "[t]he trial court . . . has considerably wider discretion to grant

4

stays" than order dismissals. (*Century Indemnity Co. v. Bank of America* (1997) 58 Cal.App.4th 408, 411.)

### B. *Standard of Review*

We review an order granting a motion to stay on forum non conveniens grounds for abuse of discretion. (*Stangvik*, *supra*, 54 Cal.3d at p. 751.) "A court has exercised discretion appropriately when it acts within the range of options available under governing legal criteria in light of the evidence before it." (*Hansen v. Owens-Corning Fiberglas Corp.* (1996) 51 Cal.App.4th 753, 758.) Put differently, "[i]n exercising discretion, the trial court is required to make a reasoned judgment which complies with applicable legal principles and policies." (*In re Marriage of Zimmerman* (1993) 16 Cal.App.4th 556, 561.)

### C. *The Trial Court Failed to Apply the Correct Standard*

The record before this court indicates that the trial court did not evaluate the motion under all of the appropriate forum non conveniens factors. In particular, it is unclear from the record whether the court accorded Michael's choice of forum adequate weight. In addition, the court failed to assign any weight to two factors that weigh against granting a stay--(1) the fact that the California action was filed first and (2) the likelihood that marital status would be determined more quickly in California.

#### 1. *Michael's Choice of Forum Was Entitled to Substantial Weight*

Where the "[p]laintiff is a resident of California, . . . substantial weight must be given to his choice of forum in this state." (*Roman v. Liberty University*, *Inc.* (2008) 162 Cal.App.4th 670, 684; see also *Animal Film*, *LLC v. D.E.J. Productions*, *Inc.* (2011) 193 Cal.App.4th 466, 473 ["If the plaintiff is a California resident, the 'plaintiff's choice of a forum should rarely be disturbed unless the balance is strongly in favor of the defendant.' "].) While the court appears to have recognized that Michael was a California resident when he filed suit, it is not clear from its decision whether it accordingly gave Michael's

choice of a California forum "substantial weight."  We remand to give the court the opportunity to do so.

### 2.    *That Michael Filed Suit First Weighs Against a Stay*

The California action was filed and served before the Colorado action.  The trial court concluded this fact did not weigh against a stay; that was error.

Where suits between the same parties involving the same subject matter are pending in courts of different states, the court in which the later-filed action is pending " 'should ordinarily decline to entertain jurisdiction of the issue under the doctrine of comity.' "  (*Simmons v. Superior Court* (1950) 96 Cal.App.2d 119, 124.)  For reasons that are not apparent from the record, the usual course--deferral by the Colorado court to the pending California action--was not followed here.  While it is true that "whether to stay the later-filed action is discretionary, not mandatory," we believe the court below should have acknowledged that Michael won the race to the courthouse by weighing that win against the stay.  (*Leadford v. Leadford* (1992) 6 Cal.App.4th 571, 574.)

### 3.    *The Likelihood That Marital Status Would be Determined More Quickly In California Weighs Against a Stay*

California and Colorado laws conflict concerning the bifurcation of marital status from other issues related to property, support, attorney fees, and child custody.  California favors bifurcation and early dissolution of marital status.  (*Gionis v. Superior Court* (1988) 202 Cal.App.3d 786, 789.)  By contrast, Colorado allows bifurcation in only "exceptional cases."  (*Estate of Burford v. Burford* (Colo. 1997) 935 P.2d 943, 951.)

The trial court found Michael's argument that marital status would be determined more quickly in California to be "speculative."  However, based on the case law cited above, it seems reasonable to conclude that bifurcation--and thus a speedy dissolution of marital status--is more likely in California.  Therefore, the court should have considered the availability of bifurcation as a factor weighing against the stay.

6

In sum, the record indicates that the trial court did not consider all of the appropriate forum non conveniens factors in evaluating the motion--namely, it appears not to have adequately weighed Michael's choice of forum, the fact that the California action was filed first, and the likelihood that marital status would be determined more quickly in California.  We remand the cause so the trial court can exercise its discretion in light of *all* of the appropriate forum non conveniens factors.  We express no opinion as to whether the balance of the private and public interests at issue justify a stay, as weighing those interests is entrusted to the trial court's sound discretion.

## IV.    DISPOSITION

The order staying this action is reversed and the cause is remanded for further proceedings consistent with the views expressed in this opinion.  Appellant is awarded costs on appeal.

Premo, J.

WE CONCUR:

Rushing, P.J.

Elia, J.

7