Filed 11/13/25  Amirtalesh v. Sterling CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| SHAHNAZ AMIRTALESH, | B338011 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19STCV38374) |
| v. | |
| ROCHELLE H. STERLING, et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Timothy P. Dillon, Judge.  Affirmed.

Shahnaz Amirtalesh, in pro. per., for Plaintiff and Appellant.

Pyka Lenhardt Schnaider Dawkins, Krista Dawkins, David P. Lenhardt, Jackson Leverone; Klinedinst, Greg A. Garbacz, Robert M. Shaughnessy, and Suzanne L. Schmidt for Defendant and Respondent.

Plaintiff Shahnaz Amirtalesh appeals from the trial court's order denying her motion to disqualify counsel for defendants Rochelle Sterling and Rochelle Sterling as Trustee of the Sterling Family Trust and DBA Beverly Hills Properties (collectively, defendants). Amirtalesh asserts the court's ruling was an abuse of discretion because opposing counsel obtained her confidential information and subjected her to fraudulent and harassing conduct. We conclude Amirtalesh has not shown error and affirm the order.

### FACTUAL AND PROCEDURAL BACKGROUND

In October 2019, Amirtalesh sued defendants after a pipe leaked sewage into her apartment. Defendants owned and managed the property. Amirtalesh's operative second amended complaint asserted claims for breach of warranty of habitability and other causes of action against defendants.

In February 2024, Amirtalesh filed her motion to disqualify defendants' counsel, Fred Peters (Peters), David Lenhardt and Krista Dawkins of Pyka Lenhardt Schnaider Dawkins LLP, and Gregory Garbacz (Garbacz) of Klinedinst PC. Amirtalesh claimed defense counsel obtained her confidential information by improper means. According to Amirtalesh, at a hearing a week before the scheduled trial date of November 20, 2023, she saw Peters give two binders back to her counsel, Martin Jerisat. She speculates that these binders contained confidential information that should not have been shared with opposing counsel. Jerisat said the binders only contained trial exhibits. Amirtalesh says "she never consented to giving her evidence to opposing counsel" at that stage of the litigation. Next, Amirtalesh claimed she saw Jerisat look at Peters' laptop when answering questions from the

trial court at a final status conference. From that observation she extrapolates that Jerisat was sharing her confidential information with Peters.

Amirtalesh also claimed defense counsel engaged in a string of other misconduct that warranted disqualification. She claimed defense counsel filed a "fraudulent notice of settlement" and "16 unlawful, discriminatory, and frivols [*sic*] motion[s] in limine and other motions." Amirtalesh also claimed Peters improperly appeared in two unrelated small claims actions and committed perjury. She complained that defense counsel filed a meritless notice of related cases and a motion to consolidate those actions with this matter, which was denied. She claimed defense counsel blocked her process server's email address to prevent her from accomplishing service. Finally, she argued that defense counsel "unlawfully" dismissed "Rochelle Sterling as an individual defendant" from the action.

Defendants opposed the motion. Amirtalesh's claim that defense counsel obtained her confidential information was unfounded and baseless, according to defendants. They pointed out that the trial court's "Trial Preparation Order" required the parties to exchange all exhibits they intended to introduce at trial. With respect to the second incident, defendants asserted Amirtalesh's counsel was likely looking at Peters' laptop to review trial documents the lawyers were required to prepare together for the final status conference.

The other actions Amirtalesh complained of amounted to normal litigation practice, according to defendants, with some of the issues resolved in their favor and some in Amirtalesh's favor. They said they would be substantially prejudiced if defense counsel were disqualified more than four years into the case.

3

At the hearing on the disqualification motion the trial court found, "[T]his is not a situation where there's any evidence that any confidential information is in the possession of [defense] counsel[ ]." The court stated, "[T]he moving of exhibits back and forth between counsel is something that is ordered by the court, and it's part of the court's standing orders in this department, and every -- every court in California likely has an order that exhibits are to be exchanged, duplicates eliminated, and so forth, and there's just not a basis set forth factually or legally to disqualify counsel, and deprive the defendants of their choice of counsel to represent them in this action." The court concluded Amirtalesh had "not carried her burden" and denied the motion. This appeal followed.

## DISCUSSION

### A.    Standard of Review

A trial court's ruling on a disqualification motion is generally reviewed for abuse of discretion. (*Johnson v. Department of Transportation* (2025) 109 Cal.App.5th 917, 933 (*Johnson*).) "'"The order is subject to reversal only when there is no reasonable basis for the trial court's decision."'" (*Ibid.*)

In determining whether the trial court abused its discretion, we are bound by the substantial evidence rule. (*Clark v. Superior Court* (2011) 196 Cal.App.4th 37, 46 (*Clark*).) "The trial court's order is "'presumed correct; all intendments and presumptions are indulged to support [it]; conflicts in the declarations must be resolved in favor of the prevailing party, and the trial court's resolution of any factual disputes arising from the evidence is conclusive."'" (*Id.* at pp. 46–47.) "Further, 'where there are no express findings, we must review the trial

4

court's exercise of discretion based on implied findings that are supported by substantial evidence.' [Citation.] 'In viewing the evidence, we look only to the evidence supporting the prevailing party. [Citation.] We discard evidence unfavorable to the prevailing party as not having sufficient verity to be accepted by the trier of fact.'" (*Id.* at p. 47.)

## B.     The Trial Court Did Not Abuse its Discretion

Amirtalesh argues that the trial court erred in denying her motion to disqualify defense counsel. She contends that, although she did not have an attorney-client relationship with defense counsel, the ruling was an abuse of discretion given her claims that defense counsel wrongfully obtained her confidential information and failed to act "within the ethical standards of the legal profession." We are not persuaded that the court erred.

"A trial court's authority to disqualify an attorney derives from its inherent power to 'control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto.'" (*Clark, supra*, 196 Cal.App.4th at p. 47; *Ontiveros v. Constable* (2016) 245 Cal.App.4th 686, 694.) "'[U]ltimately the issue involves a conflict between a client's right to counsel of his choice and the need to maintain ethical standards of professional responsibility.'" (*Johnson, supra*, 109 Cal.App.5th at p. 933.)

"[W]hile federal courts generally limit standing to bring disqualification motions to clients or former clients [citation], in California 'where the ethical breach is "'manifest and glaring'" and so "infects the litigation in which disqualification is sought that it impacts the moving party's interest in a just and lawful

5

determination of [his or] her claims" [citation], a nonclient might meet the standing requirements to bring a motion to disqualify based upon a third party conflict of interest or other ethical violation.'" (*Kennedy v. Eldridge* (2011) 201 Cal.App.4th 1197, 1204 (*Kennedy*).)  Accordingly, "where an attorney's continued representation threatens an opposing litigant with cognizable injury or would undermine the integrity of the judicial process, the trial court may grant a motion for disqualification, regardless of whether a motion is brought by a present or former client of recused counsel." (*Id.* at p. 1205.)

At the outset, we note Amirtalesh did not support any of her contentions in the argument section of her opening brief with citations to the record on appeal and thus forfeited those arguments.  (California Rules of Court, rule 8.204(a)(1)(C); *Conservatorship of Kevin A.* (2015) 240 Cal.App.4th 1241, 1253.) Even on the merits, however, she does not demonstrate that the trial court erred.

Amirtalesh points to two interactions between counsel to support her claim that defense counsel wrongfully obtained her confidential information.  In each situation, her argument rests on speculation.

First, she asserts that at the hearing on November 13, 2023, a week before the scheduled trial date, she saw Peters remove two binders with her evidence from his suitcase and hand them to her attorney, Martin Jerisat.  She claims vaguely that the binders included letters from her attorney but presents no evidence showing her confidential information was shared. Peters explained, "These were stipulated trial exhibits, the exhibit binders.  When we were at our last final status conference, [the trial court] ordered us to eliminate duplicates.

6

To make it very easy, I took all four exhibit binders to my office, had my staff eliminate duplicates. [¶] That is the only thing we did. I did not choose anything, I did not analyze anything." The court confirmed it had ordered the parties to exchange trial exhibits and to eliminate duplicates, and found there was no evidence that "any confidential information is in the possession of defendant's counsel[ ]."

Second, Amirtalesh asserts that during a final status conference, Jerisat looked at Peters' laptop when responding to questions from the trial court. Again, Amirtalesh presents no evidence regarding the content of the information on Peters' screen. The hearing transcript shows that the trial court was discussing pretrial issues with counsel when Amirtalesh interjected that she would be representing herself because she was not satisfied with Jerisat's handling of the case. There is no evidence that any of Amirtalesh's confidential information was on Peters' laptop or that Jerisat gave such information to defense counsel. In short, there is no evidence to support a finding that defense counsel obtained confidential information adverse to Amirtalesh's interests.

Amirtalesh's reliance on *Kennedy*, *supra*, 201 Cal.App.4th 1197, is misplaced. In *Kennedy*, a child custody dispute, the trial court granted the mother's motion to disqualify the child's paternal grandfather from representing the father. (*Id.* at pp. 1200–1201.) Although the paternal grandfather never represented the mother, he had previously represented the maternal grandfather in a divorce case in which the mother had prepared declarations at the request of the paternal grandfather's law firm. (*Id.* at pp. 1201–1202.)

The court of appeal affirmed, finding "an amalgamation of interrelated factors support[ed] the disqualification." (*Kennedy*, *supra*, 201 Cal.App.4th at p. 1205.) First, the paternal grandfather could have acquired confidential information about the mother through the paternal grandfather's involvement in the maternal grandfather's divorce action that could have been used to gain an unfair advantage over the mother. (*Id.* at pp. 1207–1208.) Second, the "almost inevitable prospect" that the paternal grandfather would "act both as a percipient witness and an advocate" in a dispute over the child's custody and care supported disqualification. (*Id.* at pp. 1208–1209.) Finally, "the multiple and interconnected family entanglements" created a strong appearance of impropriety and undermined the integrity of the judicial system. (*Id.* at p. 1211.) Amirtalesh has not identified any similar factors or relationships that would call for defense counsel's disqualification in this case.

Amirtalesh alleges a string of other misconduct that amounts to nothing more than normal advocacy during civil litigation. She points to the following defense counsel actions: filing a "fraudulent" notice of settlement "without [her] authority and consent;" appearing at two hearings in small claims actions filed by Amirtalesh and misrepresenting to the court that the cases were related to this action; filing "voluminous and frivolous motions," including several motions in limine and a "meritless" notice of related cases and a motion for consolidation; blocking Amirtalesh's process server's email address to prevent Amirtalesh from serving documents on Klinedinst and Garbacz; and "unlawfully dismissing" Rochelle Sterling from the case.

None of these actions constituted misconduct. There is no evidence that the notice of settlement was fraudulent or that any

8

motions were frivolous or filed for an improper purpose.  As to the alleged "blocking" of an email address to prevent Amirtalesh from serving documents, Garbacz explained that the email went to the law firm's spam folder.  The address was not blocked.  Amirtalesh cites no authority holding that any of these acts constitute misconduct or justify disqualification.

Amirtalesh has not demonstrated that opposing counsel's continued representation of defendants threatens her "with cognizable injury or would undermine the integrity of the judicial process." (*Kennedy*, *supra*, 201 Cal.App.4th at p. 1205.)  Lastly, we note Amirtalesh filed this action in October 2019.  "To deprive [defendants] of the counsel of [their] choice at this late stage in the proceedings, where no unfair disadvantage to appellant is indicated, would, we believe, cause undue hardship to [defendants] without serving the purpose of the disqualification remedy." (*In re Marriage of Zimmerman* (1993) 16 Cal.App.4th 556, 565.)

Amirtalesh has failed to show that the trial court abused its discretion by denying her motion to disqualify defense counsel.

## DISPOSITION

The order is affirmed.  Defendants are awarded costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


VAN ROOYEN, J.**

We concur:



ZUKIN, P. J.



COLLINS, J.

---

**     Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6, of the California Constitution.

10